**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **O.R. and N.R.**

**No. 23-216** (Kanawha County 2022-JA-16 and 2022-JA-17)

**MEMORANDUM DECISION**

Petitioner Mother T.M.[1] appeals the Circuit Court of Kanawha County's March 22, 2023, order terminating her parental rights to O.R. and N.R.,[2] arguing that termination was improper because there was insufficient evidence to adjudicate the petitioner as an abusing and neglecting parent and that she should have been granted an improvement period. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In January 2022, the DHS filed a petition for abuse and neglect alleging that the petitioner medically neglected O.R. and abused and/or neglected both children by virtue of her alcohol abuse. According to the petition, the petitioner was so intoxicated upon presenting at a hospital to obtain treatment for O.R. that she was unable to consent to that treatment and, after becoming belligerent with staff, necessitated law enforcement intervention. O.R. also reported witnessing the petitioner drinking while they were in the hospital. Ultimately, Child Protective Services exercised emergency custody of O.R. so that the child could undergo treatment.

At the outset of the proceedings, the circuit court ordered that the petitioner participate in parenting and adult life skills classes, participate in random drug and alcohol screens, and complete a psychological evaluation. The petitioner completed a psychological evaluation in February 2022, and the psychologist recommended outpatient substance abuse treatment, continued screenings,

---

[1] The petitioner appears by counsel Jason S. Lord. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Heather L. Olcott. Counsel Cathy Wallace appears as the children's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

and counseling, among other recommendations. The court later adopted the psychologist's recommendation that the petitioner enroll in outpatient substance abuse treatment.

After several continuances, including for the petitioner's hospitalization, the court held the first day of the adjudicatory hearing in August 2022. The court noted the documentary evidence submitted by the DHS, including the petitioner's psychological evaluation. During the evaluation, the petitioner admitted to drinking the day of the hospital visit but denied being intoxicated. When asked if she believed she did anything that was either abusive or neglectful, she responded, "No. I could have toned down the temper, but I was not neglectful." Finally, the petitioner admitted that while she was the children's sole caregiver for a period of several years, she drank to the point of intoxication on a daily basis. According to the psychologist, the petitioner minimized her alcohol abuse, especially during O.R.'s hospital visit. Overall, the psychologist concluded that there was no reason to believe the petitioner was motivated to change her behaviors.

The court then heard testimony from Doctor Andrew Morgan, the physician who treated O.R. during her January 2022 hospital visit. Dr. Morgan testified as both a fact witness, and a qualified expert in the field of emergency medicine. Dr. Morgan gave extensive testimony regarding O.R.'s treatment, including that the hospital previously received a referral from O.R.'s pediatrician over serious concerns about the child's pattern of weight loss and missed follow-up visits after an earlier hospitalization. Further, the petitioner failed to obtain an eating disorder evaluation for O.R. as directed. Dr. Morgan also explained the difficulty in treating the child as a result of the petitioner continuously interrupting and scoffing at the child's answers. Dr. Morgan testified that the petitioner was fixated on forcing O.R. to have a feeding tube, despite his insistence that such drastic measures were not necessary. In fact, the petitioner was so upset that she eventually refused to consent to any treatment other than a feeding tube, yelled at hospital staff, and left the hospital. After the petitioner left, O.R. spoke with Dr. Morgan again and was much more responsive. The child believed her anorexia was a result of her anxiety at home, explaining that when she stayed with friends for extended periods, she did not have trouble eating. She also disclosed that the petitioner frequently abused alcohol and that she and her sister feared the petitioner's behavior while intoxicated. Dr. Morgan further confirmed the petitioner continued her aggressive behavior upon her return to the hospital, prompting hospital staff to alert law enforcement. Dr. Morgan concluded that O.R.'s weight loss was psychosocial in nature, due to her anxiety and mental state while being in the petitioner's care. The child was kept in the hospital overnight. The next day, a nutritionist confirmed that a feeding tube was not medically necessary.

The adjudicatory hearing resumed in November 2022. Documentary evidence established that between February 2022 and April 2022, the petitioner only submitted to drug and alcohol screening eight times out of the required twenty-four. The petitioner tested positive for alcohol on some occasions and refused to screen on other occasions, explaining that the test would be positive for alcohol. Additionally, the petitioner failed to stay in contact with service providers and participated in only two parenting classes before the classes were terminated due to her noncompliance. The petitioner testified and admitted to getting angry with the hospital staff and to drinking, though she denied that she drank around the children. The petitioner further claimed that O.R. lied about her aggressive behavior when intoxicated. The petitioner admitted that she had not completed any substance abuse treatment or counseling during the proceedings and that she continued to drink alcohol. She denied missing drug and alcohol screenings and insisted she

had done everything the court asked her to do. Finally, the petitioner continued to defend her request for O.R. to have a feeding tube, despite medical evidence that such treatment was not necessary.

Ultimately, the circuit court found that the petitioner's testimony was not credible and contradicted by the evidence in the record. Finding that the petitioner had engaged in substance abuse that impacted her ability to parent the children and led to the medical neglect of O.R., the circuit court adjudicated the petitioner as an abusing and neglecting parent. Following the court's ruling as to adjudication, the petitioner's counsel made an oral motion for a post-adjudicatory improvement period. It does not appear that the petitioner filed a written motion. The circuit court denied the petitioner's motion, finding that she had not demonstrated she would fully participate in and benefit from an improvement period, given her noncompliance with services prior to adjudication. Further, the court found that the petitioner has not accepted responsibility for the circumstances giving rise to the petition and continued to deny substance abuse or any issues with her child's medical care. The circuit court subsequently terminated the petitioner's parental rights to O.R. and N.R. following a later dispositional hearing and by order entered on March 22, 2023.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that the circuit court erred by adjudicating her as an abusing and neglecting parent. In order to establish a basis for adjudication, West Virginia Code § 49-4-601(i) requires clear and convincing proof of conditions existing at the time of the petition's filing. Further, West Virginia Code § 49-1-201 defines a neglected child, in part, as a child whose "physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary . . . medical care." The petitioner argues that the evidence presented showed that when O.R. was losing weight and became sick, she took her to the emergency room to seek care. However, the petitioner's argument completely ignores that she voluntarily left the hospital without her daughter, leaving the child in the hospital without anyone to consent to her care. The petitioner also ignores the evidence of her aggressive behavior with the hospital staff upon her return, resulting in her eventual removal from the premises. Further, this argument ignores the doctor's testimony that prior to leaving the hospital, the petitioner refused to consent to any care other than placing a feeding tube, which the doctor explained was against his recommendation. The record is clear that by leaving the hospital and by her inappropriate behavior which led to her removal, the petitioner was unable to supply the child with necessary medical care. Importantly, the petitioner's argument also entirely omits the fact that medical neglect was only part of the basis of her adjudication, as she was also adjudicated as an abusing parent due to her alcohol abuse. Both children reported being scared of the petitioner when she drank. The circuit court's finding that the petitioner was an abusing and neglectful parent is well-supported by the record, and we find no error in her adjudication.

Second, the petitioner argues that she should have been granted an improvement period. West Virginia Code § 49-4-610(2) requires that the parent "demonstrate[], by clear and convincing evidence, that [the parent] is likely to fully participate in the improvement period." The circuit

---

[3] The permanency plan for both children is adoption in their current placement.

court found that the petitioner failed to demonstrate that she would fully participate in an improvement period, and her noncompliance in services offered and her failure to obtain any alcohol abuse treatment or counseling supports this finding. The petitioner also continued to minimize her drinking and failed to seek appropriate care for O.R. We have previously explained that a parent's failure to acknowledge the existence of the problem "results in . . . making an improvement period an exercise in futility at the child's expense." *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). We find no error in the circuit court's denial of a post-adjudicatory improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (explaining that the circuit court has discretion to deny an improvement period when no improvement is likely).

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 22, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: May 13, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn